IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., DEMOCRACY NASHVILLE-DEMOCRATIC COMMUNITIES, THE EQUITY ALLIANCE, and ANDREW GOODMAN FOUNDATION,** <br><br> Plaintiffs, <br><br> v. <br><br> **TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT SLATERY III, in his official Capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission,** <br><br> Defendants. | **Case No. 3:19-CV-00365** <br> **Judge Aleta A. Trauger** |

## MOTION TO DISMISS

The Attorney General, on behalf of the above-captioned defendants, in their official capacities only, moves this Court to dismiss Plaintiffs' Complaint (DE 1) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiffs challenge certain provisions of Public Chapter 250 (the "Act") on

1

grounds that the Act allegedly violates the First and Fourteenth Amendments to the United States Constitution.

As set forth below and in the accompanying memorandum of law, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(1) as this Court lacks subject matter jurisdiction over Plaintiffs' claims:

1. The Act has yet to take effect, nor is there an imminent threat of enforcement of the Act by Defendants. Further, Plaintiffs have not alleged that they intend to violate the Act nor have they alleged that violation is inevitable. Absent such allegations giving rise to an injury-in-fact, Plaintiffs' claims lack standing and the case is non-justiciable. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998).

2. Plaintiffs' claims are based upon contingent future events that may never occur. Rulemaking to determine enforcement of the Act has not yet occurred, nor have Defendants indicated how they will utilize their discretion on the subject of enforcement. Plaintiffs fail to allege that they will perform an act giving rise to enforcement. As these events are speculative and uncertain, Plaintiffs' claims are not ripe for review. *See, e.g., Texas v. United States*, 523 U.S. 296, 300 (1998).

Dismissal is also appropriate under Fed. R. Civ. P. 12(b)(6) as Plaintiffs' claims fail as a matter of law:

Count 1: The Act is not constitutionally vague. The language used by the Act is neither complex nor confusing, and hypotheticals that unfairly isolate terms are insufficient. As the Act does not fail "to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," it is constitutionally satisfactory. *See, e.g., Johnson v. United States*, 135 S.Ct. 2551, 2566 (2015).

Count 2: Plaintiffs lack standing to assert the legal rights of their workers. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 498 (1975). Further, as Plaintiffs have failed to describe the First Amendment right allegedly violated, this count fails to satisfy the adequate-pleading standard. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Count 3: The disclaimer required by the act is commercial speech and not opinion speech. The rational-basis test applies rather than strict scrutiny. *Discount Tobacco City & Lottery, Inc. v. U.S.* 674 F.3d 509, 544 (6th Cir. 2012). That the disclosure is designed to ensure that Tennessee citizens are not disenfranchised by mistakenly believing that a third party voter registration organization is synonymous with the election commission or secretary of state is rational enough to survive constitutional scrutiny. *See*, *e.g., TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 790 (6th Cir. 2005).

Count 4: Plaintiffs lack standing to argue deprivation of the right to vote as they are organizations, not citizens. *See, e.g., Johnson v. Bredesen*, No. 3:07-0372, 2007 WL 1387330 at * 1 (M.D. Tenn. May 8, 2007). Further, as Plaintiffs have failed to describe the First Amendment right allegedly violated, this count fails to satisfy the adequate-pleading standard. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

For these reasons, as explained in greater detail by the accompanying memorandum of law in support of this motion, Plaintiffs' Complaint should be dismissed.

    Respectfully Submitted,

    HERBERT H. SLATERY III
    Attorney General and Reporter

    JANET M. KLEINFELTER
    Deputy Attorney General

    /s/Alexander S. Rieger

3

ALEXANDER S. RIEGER
KELLEY. L. GROOVER
Assistant Attorneys General
Public Interest Division
War Memorial Bldg, 3rd Floor
P.O. Box 20207
Nashville, TN 37202
(615) 741-2408
alex.rieger@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

TAYLOR A. CATES
BURCH, PORTER, & JOHNSON, PLLC
130 N. Court Avenue
Memphis, TN 38103
(901) 524-5165
tacates@bpjlaw.com
wirvine@bpjlaw.com

JON GREENBAUM
EZRA D. ROSENBERG
JULIE HOUK
POOJA CHAUDHURI
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Ste. 900
Washington, D.C. 20005
(202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

IRA M. FEINBERG
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3509
ira.feinberg@hoganlovells.com

ALLISON M. RYAN
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
(202) 637-5600
allison.holt@hoganlovells.com

YAEL BROMBERG
BROMBERG LAW LLC
The Andrew Goodman Foundation
10 Mountainview Road
Upper Saddle River, NJ 07458

(202) 995-1808
yaelbromberglaw@gmail.com

DANIEL AYOADE YOON, BPR No. 028798
2004 8th Ave S
Nashville, TN 37204
(615) 541-5141
danielayoadeyoon@gmail.com

on this 3rd day of June, 2019.

/s/Alexander S. Rieger
ALEXANDER S. RIEGER
Assistant Attorney General
