IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., DEMOCRACY NASHVILLE-DEMOCRATIC COMMUNITIES, THE EQUITY ALLIANCE, and THE ANDREW GOODMAN FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT SLATERY III, in his official capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission,<br><br>Defendants. | Case No. 3:19-cv-00365<br>Judge Aleta A. Trauger |

**PLAINTIFFS' MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Shortly after Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss, the Supreme Court issued a decision relevant to the disposition of the pending motion. In *United States v. Davis*, No. 18-431 (U.S. June 24, 2019) ("*Davis*"), decided on June 24, 2019, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague, and could not be saved by a

1

judicial interpretation that might limit its scope. The Government in *Davis* conceded that Section 924(c)(3)(B) as currently interpreted is unconstitutionally vague, but argued that the canon of constitutional avoidance would allow the Court to interpret the provision to limit its scope. *Davis,* slip op. at 20. The Supreme Court rejected that approach. The Court held that the text, structure, and context of Section 924(c) could not support such an interpretation, and that to do so would impermissibly "*expand* the reach of a criminal statute in order to save it." *Id*. at 17. Moreover, the Court specifically noted that "[r]espect for due process and the separation of powers suggests a court may not, in order to save Congress the trouble of having to write a new law, construe a criminal statute to penalize conduct it does not clearly proscribe." *Id.* at 18.[1]

Defendants' Memorandum of Law in Support of their Motion to Dismiss cites district attorneys' "broad prosecutorial discretion" as a basis to dismiss Plaintiffs' Complaint. Defs.' Mem. at 10, ECF No. 22. Though Defendants make this point in their argument about standing, they repeatedly suggest that the vagueness of the law can be remedied by its enforcement, implementation and interpretation. *See id*. at 14-15. But as *Davis* makes clear, the breadth of prosecutorial discretion is precisely why vague statutes violate Due Process rights. As the Court explains at the outset of its opinion, "Vague laws...transgress constitutional requirements" because "[t]hey hand off the legislature's responsibility for defining criminal behavior to unelected prosecutors and judges, and they leave people with no sure way to know what consequences will attach to their conduct." *Davis*, slip op. at 1. And when the legislature "passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress [or the state legislature] to try again." *Id*.; *see also id.* at 5 ("[v]ague statutes threaten to hand responsibility for defining

---

[1] The portion of the Court's opinion based on separation of powers in the context of a federal court's construction of a federal statute is, of course, not relevant to this case.

crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide."). District attorneys in Tennessee do not have the power to determine what is a crime; "only the people's elected representatives in the legislature are authorized to 'make an act a crime." *Id.* at 5 (citing *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)).

As Plaintiffs argue in their Memorandum in Opposition to Defendants' Motion to Dismiss, district attorneys' "broad prosecutorial discretion" "merely reinforce[s] the urgent need for this Court's review and highlight[s] the great danger to Plaintiffs created by the Law's vagueness, rather than alleviating any constitutional concern." Pls.' Opp. at 12, ECF No. 31. The Supreme Court's decision in *Davis* significantly reinforces these constitutional concerns.

A copy of the Supreme Court's slip opinion in *Davis* is attached as Exhibit A. We respectfully request that the Court consider *Davis* as supplemental authority in further support of Plaintiffs' opposition to Defendants' Motion to Dismiss.

June 26, 2019

Respectfully submitted,

*/s/ Ira M. Feinberg*

IRA M. FEINBERG\*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3509
ira.feinberg@hoganlovells.com

TAYLOR A. CATES, BPR No. 20006
BURCH, PORTER, & JOHNSON, PLLC
130 N. Court Avenue
Memphis, TN 38103
(901) 524-5165
tacates@bpjlaw.com

JON GREENBAUM*
EZRA D. ROSENBERG*
JULIE HOUK*
POOJA CHAUDHURI*
LAWYERS'COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Ste. 900
Washington, D.C. 20005
(202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

ALLISON M. RYAN*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC  20004-1109
(202) 637-5600
allison.holt@hoganlovells.com

YAEL BROMBERG*
BROMBERG LAW LLC
The Andrew Goodman Foundation
10 Mountainview Road
Upper Saddle River, NJ 07458
(201) 995-1808
yaelbromberglaw@gmail.com

DANIEL AYOADE YOON, BPR No. 028798
2004 8th Ave S
Nashville, TN 37204
(615) 541-5141
danielayoadeyoon@gmail.com

* Admitted to appear *pro hac vice*

*Counsel for the Tennessee State Conference of the N.A.A.C.P., Democracy Nashville–Democratic Communities, the Equity Alliance, and the Andrew Goodman Foundation*

4

Case 3:19-cv-00365   Document 32   Filed 06/26/19   Page 4 of 5 PageID #: 222

# CERTIFICATE OF SERVICE

The undersigned herby certifies that a copy of Plaintiffs' Motion to Submit Supplemental Authority to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss has been served via the Court's electronic case filing system to:

ALEXANDER S. RIEGER
Tennessee Attorney General's Office
Assistant Attorney General
Public Interest Division
War Memorial Building, 3rd Floor
P.O. Box 20207
Nashville, TN 37202
(615) 741-2408
alex.rieger@ag.tn.gov

on this 26th day of June, 2019.

/s/ Ira M. Feinberg
IRA M. FEINBERG
HOGAN LOVELLS US LLP