IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., DEMOCRACY NASHVILLE-DEMOCRATIC COMMUNITIES, THE EQUITY ALLIANCE, and ANDREW GOODMAN FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT SLATERY III, in his official Capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission,<br><br>    Defendants. | Case No. 3:19-CV-00365<br>Judge Aleta A. Trauger |

## DECLARATION OF MARK GOINS

I, Mark Goins, have personal knowledge of the following matters, would so testify in open court if called to do so, and am competent to render the following:

1. My name is Mark Goins. I am over 21 years old and reside in Davidson County, Tennessee.

2. I currently serve as a Coordinator of Elections for the State of Tennessee.

3. I have served in this role since February 2009.

1

4. I am aware of the new provisions regarding voter registration drives passed by the Tennessee General Assembly and codified at Tenn. Code Ann. §§ 2-2-142, 2-2-143 & 2-19-145.

5. Tenn. Code Ann. § 2-2-142 grants the Coordinator of Elections the authority to adopt "policies and procedures to effectuate" its provisions. Additionally, under Tenn. Code Ann. § 2-11-201(c), the Coordinator of Elections has authority to "make rules and regulations as necessary to carry out the provisions of the election code."

6. Tenn. Code Ann. § 2-2-142 does not take effect until October 1, 2019.

7. As Coordinator of Elections, I have not promulgated rules concerning the implementation of Tenn. Code Ann. § 2-2-142 and cannot begin the rulemaking process until October 1, 2019 when the law becomes effective.

8. The implementation of Tenn. Code Ann. § 2-2-142 does not meet the criteria for emergency promulgation of rules under the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-201, *et seq.*

9. The regular rulemaking process, including notice, a rulemaking hearing, review by the Attorney General and Reporter, filing with the Secretary of State, and review by the General Assembly's Joint Government Operations Committee will take at a minimum five months to complete, assuming that no changes in the rules are required. None of these requirements have been fulfilled at this time. Additionally, any rules I promulgate in my role as Coordinator of Elections must have the concurrence of the Secretary of State. It will take time for the Secretary of State to review the initial and final versions of any rules.

10. A significant part of the implementation of Tenn. Code Ann § 2-2-142 will require the development and production of an online training program. This program, as well as a non-

2

Case 3:19-cv-00365    Document 41-1    Filed 08/30/19    Page 2 of 3 PageID #: 523

internet based equivalent must be produced before the training requirement of Tenn. Code Ann. § 2-2-142 can be enforced.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 30th day of August, 2019.

*Mark Goins*
Mark Goins
Coordinator of Elections

3

Case 3:19-cv-00365    Document 41-1    Filed 08/30/19    Page 3 of 3 PageID #: 524