IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., DEMOCRACY NASHVILLE-DEMOCRATIC COMMUNITIES, THE EQUITY ALLIANCE, and ANDREW GOODMAN FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT SLATERY III, in his official Capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission, <br><br> Defendants. | Case No. 3:19-CV-00365 <br> Judge Aleta A. Trauger |

## DECLARATION OF _Judy Blackburn_

I, _Judy Blackburn_, have personal knowledge of the following matters, would so testify in open court if called to do so, and am competent to render the following:

1. My name is _Judy Blackburn_ I am over 21 years old and reside in _Hamblen_ County, Tennessee.

2. I currently serve as a member of the Tennessee State Election Commission.

3. I have served in this role since _June 2009_ and my term expires on _April 2023_

1

4. I am aware of the new provisions regarding voter registration drives passed by the Tennessee General Assembly and codified at Tenn. Code Ann. §§ 2-2-142, 2-2-143 & 2-19-145.

5. Tenn. Code Ann. § 2-2-143 grants the State Election Commission the authority to assess civil penalties against individuals or organizations who violate that section.

6. Tenn. Code Ann. § 2-2-143 also grants the State Election Commission the authority to promulgate rules and procedures to implement its provisions.

7. Tenn. Code Ann. § 2-2-143 does not take effect until October 1, 2019.

8. The State Election Commission has not promulgated rules concerning the implementation of Tenn. Code Ann. § 2-2-143.

9. The implementation of Tenn. Code Ann. § 2-2-143 does not meet the criteria for emergency promulgation of rules under the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-201, *et seq*.

10. The regular rulemaking process, including notice, a rulemaking hearing, review by the Attorney General and Reporter, filing with the Secretary of State, and review by the General Assembly's Joint Government Operations Committee will take at a minimum five months to complete, assuming that no changes in the rules are required. None of these requirements have been fulfilled at this time. Additionally, the State Election Commission will have to have a publicly-noticed meeting to begin the rule-making process, as well as at least one more publicly-noticed meeting to approve the final draft of the rules—all of which will add additional time to this process.

11. In my role as a member of the State Election Commission, I do not intend to assess or vote to assess any civil penalties against any organization or individual until the rules and procedures for Tenn. Code Ann. § 2-2-143 have been promulgated.

12. In my role as a member of the State Election Commission, I do not intend to refer or vote to refer any matters related to Tenn. Code Ann. § 2-2-142 to any district attorney general for prosecution until the State Coordinator of Elections has promulgated rules regarding this section.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this _19_ day of August, 2019.

_Judy Blackbun_
[Name]

[Title] COMMISSIONER
State Election Commission

3