**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., DEMOCRACY NASHVILLE-DEMOCRATIC COMMUNITIES, THE EQUITY ALLIANCE, and ANDREW GOODMAN FOUNDATION,** | ) ) ) ) ) ) | |
| | ) | **Case No. 3:19-CV-00365** |
| **Plaintiffs,** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT SLATERY III, in his official Capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

---

**STATE DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

---

Defendants Tre Hargett, in his official capacity as the Secretary of State, Mark Goins, in

his official capacity as Coordinator of Elections, Herbert H. Slatery III, in his official capacity as

Attorney General and Reporter, the State Election Commission, and Donna Barrett, Judy

Blackburn, Greg Duckett, Mike McDonald, Jimmy Wallace, Tom Wheeler, and Kent Younce, in

1

their official capacities as State Election Commissioners (hereafter "State Defendants") hereby state the following for their Answer to Plaintiff's Complaint.

## INTRODUCTION

1.  State Defendants admit that the challenged Act was signed into law on May 2, 2019 and was scheduled to take effect October 1, 2019. State Defendants further admit the allegation of paragraph no. 1 to the extent that they assert Plaintiffs' stated purpose in bringing this action but deny them for all other purposes and deny the characterization of the challenged Act.

2.  State Defendants deny the allegations in paragraph no. 2.

3.  State Defendants admit the allegations of paragraph no. 3.

4.  State Defendants admit that registration is a prerequisite to exercising the right to vote. The remainder of the allegation of paragraph no. 4 assert conclusions of law to which no response is required, and to the extent a response is required, State Defendants deny the allegations of paragraph no. 4.

5.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 5, and therefore deny the allegations.

6.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 6, and therefore deny the allegations.

7.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 7, and therefore deny the allegations.

8.  State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

9.  State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

10. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

11. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

12. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

13. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

## JURISDICTION AND VENUE

14. State Defendants admit the allegations of paragraph no. 14 to the extent that they assert Plaintiffs' stated purpose in bringing this action. State Defendants deny the allegations of paragraph no. 14 to the extent that they provide that this Court has subject-matter jurisdiction over the Plaintiffs' complaint.

15. State Defendants deny the allegations of paragraph no. 15 to the extent they provide that this Court has subject-matter jurisdiction over the Plaintiffs' Complaint.

16. State Defendants admit the allegations of paragraph no. 16.

17. State Defendants admit the allegations of paragraph no. 17.

18. State Defendants admit the allegations of paragraph no. 18 to the extent they provide that if this Court has subject-matter jurisdiction over this case, then venue would be proper in the Middle District, and otherwise deny the allegations of paragraph no. 18.

19. State Defendants deny the allegations of paragraph no. 19.

3

20. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 20, and therefore deny the allegations.

21. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 21, and therefore deny the allegations.

22. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 22, and therefore deny the allegations.

23. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 23, and therefore deny the allegations.

24. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 24, and therefore deny the allegations.

25. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 25, and therefore deny the allegations.

26. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 26, and therefore deny the allegations.

27. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 27, and therefore deny the allegations.

28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 28, and therefore deny the allegations.

29. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 29, and therefore deny the allegations.

30. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 30, and therefore deny the allegations.

31. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 31, and therefore deny the allegations.

## DEFENDANTS

32. State Defendants admit the allegations of paragraph no. 32.

33. State Defendants admit the allegations of paragraph no. 33.

34. State Defendants admit the allegations of paragraph no. 34.

35. The allegations of the first sentence of paragraph no. 35 are admitted. For the remaining allegations of paragraph no. 35, State Defendants submit that the Act speaks for itself, and therefore deny Plaintiffs' characterizations and interpretations thereof.

## FACTUAL ALLEGATIONS

### Plaintiffs' Voter Registration Activities Strengthen Democracy

36. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 36, and therefore deny the allegations.

37. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 37, and therefore deny the allegations.

38. State Defendants admit the allegations of the first clause of paragraph no. 38, and submit that the legislative history speaks for itself for the second clause of paragraph no. 38.

39. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 39, and therefore deny the allegations.

40. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 40, and therefore deny the allegations.

41. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 41, and therefore deny the allegations.

42. State Defendants submit that data from the Tennessee Secretary of State regarding voter turnout speaks for itself. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the factual allegations contained in paragraph no. 42, and therefore deny the allegations.

**Plaintiffs' Voter Registration Activities Are Core Political Speech and Associational Activity**

43. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 43, and therefore deny the allegations.

44. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 44, and therefore deny the allegations.

45. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 45, and therefore deny the allegations. By way of further response, the allegations of paragraph no. 45 constitute arguments of law and not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

**Challenged Provisions and Their Impact on Plaintiffs' Voter Registration Activities**

A. *Section 2-2-142: Pre-drive Registration, Consent for Retention of Voter Records, and Training Requirements*

46. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

47. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the factual allegations contained in paragraph no. 47, and therefore deny the allegations.

6

48. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the factual allegations contained in paragraph no. 48, and therefore deny the allegations.

49. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

50. The allegations of paragraph no. 50 constitute arguments of law and not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

51. The allegations of paragraph no. 51 constitute arguments of law and not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

*B. Section 2-2-143: Civil Penalties for Submission of "Incomplete" Forms*

52. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof.

53. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof. State Defendants further submit that the legislative history speaks for itself. By way of further response, the allegations of paragraph no. 53 constitute arguments of law and not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

54. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof. State Defendants further submit that the legislative history speaks for itself

7

55. State Defendants submit that the Act and its drafts speak for themselves and deny Plaintiffs' characterizations and interpretations thereof. By way of further response, the allegations of paragraph no. 55 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation.

56. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 56 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation.

57. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 57 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation. State Defendants further deny that the Act imposes any unconstitutional burden.

58. State Defendants admit that potential voters may register to vote using a state or federal form and that the state form contains a "declaration of eligibility" which, among other things, requires applicants to affirm that they plan to remain at the residence on the application for "an undetermined period of time." State Defendants admit that the federal form does not require applicants to affirm that they will be at their residence for "an undetermined period of time," but

*does require* applicants to affirm, among other things, that they "meet the eligibility requirements" of the state in which they are registering and "subscribe to any oath required" by the state. As to all remaining allegations of paragraph no. 58, State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 58 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation.

59. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 59 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation. State Defendants further deny that the Act imposes any unconstitutional burden.

60. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof. State Defendants further submit that the legislative history speaks for itself. State Defendants further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 60 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity

of Plaintiffs' legal arguments and unsubstantiated speculation. State Defendants further deny that the Act imposes any unconstitutional burden.

61. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterization and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 61 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation.

62. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterization and interpretations thereof.

63. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterization and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 63 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation.

*C. The "Unpaid Volunteer" Exemption in Sections 2-2-142 and 2-2-143*

64. State Defendants submit that the Act speaks for itself.

65. State Defendants submit that the Act speaks for itself.

66. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterization and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 66 constitute unsubstantiated speculation, not well-pleaded facts, for which no response is

required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' unsubstantiated speculation.

67. State Defendants deny the allegations of paragraph no. 67.

68. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterization and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 68 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments and unsubstantiated speculation.

D. *Section 2-19-145: Mandatory Disclaimers for Communications "Regarding Voter Registration Status"*

69. State Defendants submit that the Act speaks for itself.

70. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterization and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 70 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

71. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterization and interpretations thereof. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 71, and therefore deny the allegations.

72. The allegations of paragraph no. 72 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny

the validity of Plaintiffs' legal arguments. State Defendants further deny that the Act imposes any unconstitutional burden.

73. The allegations of paragraph no. 72 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

*E. Cumulative Impact of the Act*

74. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 74, and therefore deny the allegations.

75. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 75, and therefore deny the allegations.

76. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 76, and therefore deny the allegations.

77. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 77, and therefore deny the allegations.

**NVRA Notice of Noncompliance**

78. State Defendants submit that the NVRA and cited cases constitute matters of law and not matters of well-pleaded fact, and thus require no response. To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments. State Defendants lack knowledge or information sufficient to form a belief as to whether "Plaintiffs' voter registration efforts are consistent" with the NVRA, and therefore deny the allegations.

12

79. State Defendants admit that Plaintiffs sent a letter to Secretary Hargett and Coordinator Goins on May 14, 2019 alleging that the Act violates the NVRA.  State Defendants deny the Act violates the NVRA.

80. State Defendants submit that the NVRA speaks for itself.

81. State Defendants submit that the allegations of paragraph no. 81 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations. State Defendants further deny that the Act violates the NVRA.

82. State Defendants submit that the allegations of paragraph no. 82 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 82, and therefore deny the allegations.

83. State Defendants admit that Defendant Goins responded to Plaintiffs' NVRA letter, which is appended to the Amended Complaint as Exhibit B, and that the text of the letter speaks for itself.

84. State Defendants admit that more than 90 days have passed since Plaintiffs letter was received.  State Defendants deny the remaining allegations of paragraph no. 84.

## COUNT 1

### 42 U.S.C. § 1983

**Infringement of the Due Process Clause in Violation of the Fourteenth Amendment as to Sections 2-2-142, 2-2-143, and 2-19-145**

85. State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

13

86. The allegations of paragraph no. 86 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

87. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 87 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

88. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 88 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

89. State Defendants admit only that "intentional" or "knowing" violations are subject to criminal penalties.

90. State Defendants admit that civil penalties under Section 2-2-143 "may" be applicable under certain circumstances.

91. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 91 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

92. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 92 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

93. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 93 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

94. The allegations of paragraph no. 94 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

95. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 95 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

96. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof, and further deny all allegations of vagueness and/or ambiguity with respect to the Act. By way of further response, the allegations of paragraph no. 96 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

97. State Defendants admit only that "intentional" or "knowing" violations are subject to criminal penalties.

98. The allegations of paragraph no. 98 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

## COUNT II

### 42 U.S.C. § 1983

**Infringement of First Amendment Expressive and Associative Rights of Paid Voter Registration Workers and Organizations Using Paid Voter Registration Workers as to Sections 2-2-142 and 2-2-143**

99. State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

100. State Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations and interpretations thereof. By way of further response, the allegations of paragraph no. 100 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

101. The allegations of paragraph no. 101 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

102. The allegations of paragraph no. 102 constitute arguments of law, not well-pleaded facts, for which no response is required. To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

16

103.     The allegations of paragraph no. 103 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

## COUNT III

### 42 U.S.C. § 1983

### Infringement of the Free Speech Clause of the First Amendment as Incorporated in the Fourteenth Amendment as to Section 2-19-145

104.     State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

105.     The allegations of paragraph no. 105 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

106.     The allegations of paragraph no. 106 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

107.     The allegations of paragraph no. 107 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

108.     The allegations of paragraph no. 108 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

109.     The allegations of paragraph no. 109 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

# COUNT IV

## 42 U.S.C. § 1983

### Burdens on First Amendment in Connection to the Regulation of Political Speech and Fourteenth Amendment in Connection with the Fundamental Right to Vote

110.     State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.  State Defendants admit the conclusions of law pled in paragraph no. 110.

111.     State Defendants submit that the Act speaks for itself and deny Plaintiff's characterizations and interpretations thereof.  By way of further response, the allegations of paragraph no. 111 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

112.     The allegations of paragraph no. 112 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

113.     The allegations of paragraph no. 113 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

114.     State Defendants admit the allegations of paragraph no. 114.

115.     The allegations of paragraph no. 115 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

**52 U.S.C. § 20507(b)(1)**

**Violation of the National Voter Registration Act of 1993 Due to the Differential Treatment of Paid and Unpaid Individuals and Organizations**

116.     State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

117.     State Defendants submit that the allegations of paragraph no. 117 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations.

118.     State Defendants submit that allegations of paragraph no. 118 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations.

119.     State Defendants submit that the allegations of paragraph no. 119 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations.

120.     The allegations of paragraph no. 120 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations.

121.     State Defendants submit that the allegations of paragraph no. 121 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a

response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations.

122.     The allegations of paragraph no. 122 constitute matters of law and not matters of well-pleaded fact, and thus require no response.  To the extent that a response is required, Defendants deny the validity of Plaintiffs' legal arguments and characterizations.

## COUNT VI

### 52 U.S.C. § 20507(a)(2)

**Violation of the National Voter Registration Act of 1993 Due to the Failure to Send Notices to Registration Applicants**

123.     State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

124.     State Defendants submit that the NVRA speaks for itself.

125.     State Defendants submit that the Act speaks for itself and deny Plaintiff's characterizations and interpretations thereof.  By way of further response, the allegations of paragraph no. 125 constitute unsubstantiated speculation, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' unsubstantiated speculation.

126.     State Defendants submit that the Act speaks for itself and deny Plaintiff's characterizations and interpretations thereof.  By way of further response, the allegations of paragraph no. 126 constitute arguments of law and unsubstantiated speculation, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' arguments of law and unsubstantiated speculation.

127.     State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 127, and therefore deny the allegations.

20

128.    The allegations of paragraph no. 128 constitute arguments of law, not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' arguments of law.

129.    Any allegations not specifically addressed or for which a more detailed response is required are denied.

### PRAYER FOR RELIEF

130.    State Defendants deny that Plaintiffs are entitled to any of the relief prayed for in paragraph nos. (i), (ii), (iii), (iv), (v), (vi), (vii) and (viii) of their Prayer for Relief.

### Affirmative and Other Defenses

1.  The Court lacks subject-matter jurisdiction over the claims asserted in Plaintiffs' Complaint.

2.  Plaintiffs' claims are barred in part or in their entirety because they are not yet ripe for review.

3.  Plaintiffs' claims are barred in part or in their entirety by the *Burford*/*Colorado River* abstention doctrines.

4.  No act, omission, or law, policy, practice, or custom of State Defendants has deprived Plaintiffs of rights secured by the United States Constitution.

5.  Plaintiffs' claims are non-justiciable.

6.  State Defendants are entitled to, and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

7.  State Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative defenses or averments which might become relevant as facts are discovered.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

JANET M. KLEINFELTER
Deputy Attorney General

/s/Alexander S. Rieger
ALEXANDER S. RIEGER
KELLEY. L. GROOVER
Assistant Attorneys General
Public Interest Division
War Memorial Bldg, 3rd Floor
P.O. Box 20207
Nashville, TN 37202
(615) 741-2408
alex.rieger@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

TAYLOR A. CATES
BURCH, PORTER, & JOHNSON, PLLC
130 N. Court Avenue
Memphis, TN 38103
(901) 524-5165
tacates@bpjlaw.com
wirvine@bpjlaw.com

JON GREENBAUM
EZRA D. ROSENBERG
JULIE HOUK
POOJA CHAUDHURI
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Ste. 900
Washington, D.C. 20005
(202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

IRA M. FEINBERG
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3509
ira.feinberg@hoganlovells.com

ALLISON M. RYAN
CAROLYN A. DELONE
KYLE DRUDING
MADELINE GITOMER
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
(202) 637-5600
allison.holt@hoganlovells.com

YAEL BROMBERG
BROMBERG LAW LLC

23

The Andrew Goodman Foundation
10 Mountainview Road
Upper Saddle River, NJ 07458
(202) 995-1808
yaelbromberglaw@gmail.com

DANIEL AYOADE YOON, BPR No. 028798
2004 8th Ave S
Nashville, TN 37204
(615) 541-5141
danielayoadeyoon@gmail.com

on this 19th day of December, 2019.

/s/Alexander S. Rieger
ALEXANDER S. RIEGER
Assistant Attorney General