# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, *et al.*, <br><br> *Defendants*. | |
| LEAGUE OF WOMEN VOTERS OF TENNESSEE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, *et al.*, <br><br> *Defendants*. | Civil No. 3:19-cv-365 <br> Judge Aleta A. Trauger |

## ORDER ON MOTION TO QUASH SUBPOENA

On January 15, 2020, non-party movant Linda Phillips, Shelby County Administrator of Elections, filed a motion to quash a subpoena for documents issued by Plaintiffs in this action (Dkt. No. 81). Movant Phillips and Plaintiffs have informed the Court that they have reached agreement as to the documents that will be produced in response to the Subpoena, and the

respects in which the requests in the Subpoena will be modified. The details of the agreement are as follows:

1. **Requests 1-5:** The time frame of these requests shall be limited to documents created on or after January 1, 2016, up to the present. Instead of producing month-to-month data, Movant may produce underlying raw data from the voter file that can be sorted by month and year. Insofar as Movant does not track the requested information/data for a particular category during the ordinary course of business, Movant shall so state in an official response in lieu of producing documents and/or communications for that category.

2. **Requests 6-7:** The time frame of these requests shall be limited to documents relating to the period from January 1, 2018 through December 31, 2018. Plaintiffs will inspect these documents at a mutually convenient time following the March 3, 2020 primary, and Movant will produce copies of these forms that redact any social security numbers. If the social security number field on the form is blank, the document shall be produced unredacted. Movant will provide Plaintiffs with a projected estimate of the costs that could be incurred in redacting and copying responsive documents. Plaintiffs shall pay the reasonable costs incurred in connection with the redaction and copying; if costs turn out to be significantly more than these estimates, Movant shall communicate that information to Plaintiffs before such costs are incurred. Plaintiffs reserve their right to seek production of some or all documents without redaction of social security numbers under a protective order in the event that they determine that the needs of the litigation so require or the costs of redaction and copying is not reasonable and unduly burdensome. If it is determined by Plaintiffs to seek production of documents without the redaction of social security numbers, in order to agree to the protective order Movant requires that the protective order be approved by Attorney General's office. Insofar as Movant does not

track the requested information during the ordinary course of business, Movant shall so state in an official response in lieu of producing documents and/or communications.

3. **Requests 8, 10, 12-13, 18, 19, 24, 33, 36:** The time frame of these requests shall be limited to documents created between January 1, 2016 and the present. Movant shall perform searches of emails of all Election Commission employees, or any other individuals involved in reviewing, processing, or decision-making on voter registration applications, pursuant to search terms agreed upon by the Parties. Movant will provide Plaintiffs with a projected estimate of the costs that could be incurred in completing production. Plaintiffs shall pay the reasonable costs incurred in connection with such email searches; if costs turn out to be significantly more than these estimates, Movant shall communicate that information to Plaintiffs before such costs are incurred and will itemize costs by Request. In addition to searching emails, the Movant shall produce hard copy documents to the extent they are aware of other documents responsive to these requests.

4. **Request 11:** The time frame of this request shall be limited to the period between January 1, 2016 and the present.

5. **Requests 29-32:** The time frame of these requests shall be limited to documents created between January 1, 2016 and the present. Movant shall provide Plaintiffs with a URL to the publicly available website that she states provides the requested data. Plaintiffs will meet and confer with Movant if the information on the website is not responsive or complete. Insofar as Movant does not track the requested information/data for a particular category during the ordinary course of business, Movant shall so state in an official response in lieu of producing documents and/or communications for that category.

6. **Requests 34:** The time frame of these requests shall be limited to documents created between January 1, 2016 and the present. Insofar as Movant does not track the requested information/data for a particular category during the ordinary course of business, Movant shall so state in an official response in lieu of producing documents and/or communications for that category.

7. Movant shall produce the documents and communications described above by April 3, 2020. Once Plaintiffs have had the opportunity to review these documents and communications, Plaintiffs will meet and confer with Movant Phillips regarding the remaining requests and time periods only in the event that Plaintiffs deem any additional documents and/or communications are necessary.

Based on the agreement between the parties as set forth above, Movant Phillips has requested to withdraw the motion to quash the subpoena (Dkt. No. 81). The Court grants Movant Phillips' request to withdraw the motion to quash.

It is so **ORDERED**.

Dated: February 20, 2020

HON. ALETA A. TRAUGER
U.S. DISTRICT JUDGE