# EXHIBIT 1

# State of Tennessee



The Secretary of State
State Capitol
Nashville, Tennessee 37243-0305

Tre Hargett
Secretary of State

615-741-2819
Tre.Hargett@tn.gov

February 14, 2020

The Honorable Jeff Yarbro
State Senator
764 Cordell Hull Building
Nashville, TN 37243

RE: SB 2298/HB 2363 Voter Registration Drives
SB 2299/HB 2364 Making the Intentional Dissemination of Erroneous Election Information, Tampering with Voting Systems and Defacing an Election Webpage Illegal

Dear Senator Yarbro,

In 2019, the General Assembly passed Public Chapter No. 250 to protect voters who entrust their voter registration application with individuals or organizations conducting voter registration drives. The law was adopted to ensure that voters who registered to vote at voter registration drives sponsored by non-election officials would not be disenfranchised. The law was an attempt to protect the voter from being taken advantage of by untrained and uninterested individuals whose primary concern was getting paid to collect voter registration applications.

This was and is good policy that protects the unsuspecting and trusting voter who fills out a voter registration application at a voter registration drive. Tennessee citizens should be able to have a reasonable level of confidence that their voter registration application will be timely filed and contain enough information to allow the election commission to process their application. Tennessee citizens should also be confident that personally identifying information provided on their voter registration application will not be used for non-voting purposes.

Immediately after the law took effect, organizations opposing the new law sued the State of Tennessee in federal court. The federal court issued a preliminary injunction against some of the provisions in Public Chapter No. 250. Consequently, many of these safeguards are not available to Tennessee citizens for the upcoming elections.

SB 2298/HB 2363 is being brought to provide reasonable protections within the confines of the federal court's ruling. Among other things, SB 2298/HB 2363 will 1) require the Coordinator of Elections to offer *voluntary* training on voter registration laws and procedures, 2) require persons and organizations collecting voter registration applications to file the collected forms within 15 days of the voter registration drive or no later than the voter registration deadline,

3) prohibit the retention of the voter's personal identifying information for any purpose other than political purposes, unless the voter consents, 4) require notification of the dissemination of erroneous election information, and 5) require cybersecurity to be considered when certifying a voter registration system. The bill also authorizes (but does not mandate) the bi-partisan State Election Commission to impose civil penalties for 1) paying a person or persons for each voter registration form collected or by quotas, 2) not timely filing the voter registration applications or 3) copying or collecting personal identifying voter information without the voter's consent for purposes other than political purposes.

Requiring the voter registration applications to be filed with the state or county election commission office within 15 days of the voter registration drive or no later than the voter registration deadline is similar but less restrictive than some filing requirements already in place in other states. Specifically, California law makes holding a voter registration form for more than 3 days a misdemeanor and punishable by a fine up to $1,000. In Iowa, voter registration forms must be filed with election officials within 7 days, while Minnesota and Nevada require the voter registration applications to be filed within 10 days.

Likewise, Louisiana imposes a $2,000 fine or 2 years of imprisonment for the 1st offense of copying or reproducing the voter registration forms. The 2nd offense is punishable by a $5,000 fine or 5 years of imprisonment. In North Carolina, retaining certain pieces of personal identifying information is misdemeanor.

SB 2298/HB 2363 does not criminalize the acts listed. Rather, our bi-partisan State Election Commission may review the facts surrounding alleged violations and, if deemed merited, impose civil penalties.

As you are aware, not only is cybersecurity of our elections of paramount importance, but even the confidence in our election's security is of great importance to Tennessee voters. With the ongoing threat of elections interference from both foreign and domestic sources, we are proposing SB 2299/HB 2364.

This legislation is being brought to make clear that the intentional dissemination of misinformation and efforts to sabotage the election apparatus, from the election webpage to voting systems, is illegal in Tennessee. Specifically, knowingly disseminating or publishing false election information with the intent to deceive will be a felony. Also, it will be a felony to 1) tamper with voting systems or electronic pollbooks, 2) gain unauthorized access to voter registration databases, including security codes and passwords, 3) knowingly and without authorization possess a key to ballot boxes and voting systems, 4) willfully substitute fake election results and 5) intentionally deface an election webpage.

Included with this letter is a detailed summary of each section of SB 2298/HB 2363 and SB 2299/HB 2364.

Although this proposed legislation does not provide for all of the safeguards found in what was adopted in Public Chapter 250, it provides significant protections that are necessary to guard Tennessee voters against disenfranchisement, discourages the commercial use of personally identifying information collected at voter registration drives, and supports responsible voter

registration drives with voluntary training. In the face of the federal injunction, these protections are better than no protection at all.

If you pass SB 2298/HB 2363 and SB 2299/HB 2364 into law, my office will evaluate how effective the procedures are during the 2020 election cycle. It is our belief that with the attention that has been raised over the last year that voter registration groups now understand much better the importance of helping potential registrants by submitting completed forms. Also, now more than ever we need your help in protecting the critical infrastructure of our elections.

Thank you for your time and consideration to support SB 2298/HB 2363 and SB 2299/HB 2364. If you have questions about these proposed bills, please do not hesitate to contact either one of us.

Sincerely,

*[signature]*
Tre Hargett
Secretary of State

*[signature]*
Mark Goins
Coordinator of Elections

# Summary of SB 2298/HB 2363 – Voter Registration Bill

This bill will provide protections for voters who give non-election officials their voter registration application at voter registration drives.

Section 1 – Removes the requirement that individuals and organizations conducting voter registration drives pre-register with the Division of Elections and participate in mandatory training provided by the Coordinator of Elections.

> REPLACMENT: Defines voter registration drive as collecting voter registration applications from another person and submitting the applications to the county or state election commission to register individuals to vote.
>
> Requires the coordinator of elections to offer free voluntary training summarizing the laws and procedures of voter registration. A list of those taking the training may be published by the Secretary of State.

Removes the requirement that voter registration applications collected at voter registration drives be filed within 10 days of the voter registration drive but no later than the voter registration deadline.

> REPLACEMENT: Requires voter registration forms collected at a voter registration drive to be delivered or mailed within 15 calendar days of the drive or no later than the voter registration deadline.

Removes the State Election Commission's authority to impose civil penalties for organizations filing incomplete voter registration forms and removes the classification of certain violations as Class A misdemeanors.

> REPLACEMENT: Authorizes the State Election Commission to impose civil penalties of up to $50 for each violation on individuals or organizations for 1) paying a person or persons for each voter registration form collected or by quotas, 2) not filing the voter registration applications within 15 calendar days of the voter registration drive and 3) copying or collecting personal identifying voter information without the voter's consent, either written or electronically, for purposes other than voter participation, voter engagement or voter turnout.

Removes the distinction between individuals and organizations that are paid or not paid to conduct voter registration drives, making this bill applicable to all voter registration drives.

Removes the requirement that organizations display a disclaimer on public communications regarding voter registration status made by a political committee or organization.

REPLACEMENT: Requires anyone who disseminates erroneous election information regarding qualifications to vote, the requirements to register to vote, eligibility to register to vote, voter registration deadlines and/or polling dates, time and locations to immediately report the action to the county election commission or the Coordinator of Elections.

Section 2 – Adds a requirement that the Coordinator of Elections and the State Election Commission consider the cybersecurity practices of a voter registration vendor when certifying voter registration systems.

# Summary of SB 2299/HB 2364 – Cybersecurity Bill

This bill makes it a felony to knowingly disseminate misinformation and criminalizes tampering with voting systems, voter registration software, election results and election webpages.

Section 1 –  Makes it a Class E felony to knowingly with the intent to deceive or intent to disseminate misinformation regarding the qualifications to vote or to register to vote, voter registration status, voter registration deadlines, and/or polling dates, times, and locations.

Section 2 –  Makes it a Class D felony to do any of the following before, during or after an election:

(a) Tampering or interfering with or attempting to interfere with the operation of or willfully damaging to prevent the use of voting machines, electronic poll books, voting devices, voting systems, vote tabulating devices, or ballot tally software program source codes.

(b) Tampering or interfering with or attempting to interfere with or obtaining or attempting to obtain unauthorized access to the official voter registration database, including but not limited to attempts to procure plans, security codes, passwords, combinations, or computer programs.

(c) Knowingly, and without authorization, possessing a key to a voting machine, voting system, ballot box or tabulator that will be used in elections in this state.

(d) Willfully substituting or attempting to substitute forged or counterfeit election results.

(e) Intentionally and without authorization defacing an election website.