# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, *et al.*, <br><br> *Defendants*. | |
| LEAGUE OF WOMEN VOTERS OF TENNESSEE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRE HARGETT, *et al.*, <br><br> *Defendants*. | Civil Nos. 3:19-cv-365; 3:19-cv-385 <br> Judge Aleta A. Trauger |

## DECLARATION OF MICHELLE E. KANTER COHEN

1. I am currently Senior Counsel at Fair Elections Center. From October 2017 through 2019 I was Counsel at Fair Elections Center. My supervisor is and has been the President of Fair Elections Center, Bob Brandon.

2. Fair Elections Center served as counsel for Plaintiffs League of Women Voters, League of Women Voters of Tennessee Education Fund, American Muslim Advisory Council, Mid-South Peace & Justice Center, Rock the Vote, Memphis Central Labor Council, and HeadCount.

3. This declaration is based on my personal knowledge and my consultation with attorneys at the American Civil Liberties Union (ACLU) Voting Rights Project, ACLU of Tennessee, Campaign Legal Center, and Sherrard Roe Voigt & Harbison, PLC. I have personal knowledge of the facts set forth herein.

4. Work on this matter began in the spring of 2019. I am fully familiar with all aspects of this matter. I was the lead attorney for Fair Elections Center on this matter.

5. I am admitted pro hac vice in this matter.

6. I worked closely with my Fair Elections Center colleagues Jon Sherman, Senior Counsel, and Cecilia Aguilera, Counsel. I am familiar with their qualifications.

7. Fair Elections Center has been involved in all aspects of the litigation. This litigation involved complex constitutional and statutory issues that have not previously been addressed on the merits by any Circuit Court. The litigation required considerable resources, including federal litigation expertise as well as substantive experience in the areas of federal constitutional law and the National Voter Registration Act of 1993 (NVRA). The ACLU Voting Rights Project, ACLU of Tennessee, Campaign Legal Center, Fair Elections Center and Sherrard Roe Voigt & Harbison, PLC partnered in order to prosecute this case most effectively. All served as co-counsel for Plaintiffs.

8. Fair Election Center is a non-partisan, non-profit organization based in Washington, DC. Fair Elections Center (previously as Fair Elections Legal Network) attorneys have been counsel in numerous cases seeking vindication of voting rights. These cases include but are not limited to *Hand v. Scott*, 285 F. Supp. 3d 1289 (N.D. Fla. 2018)*, vacated as moot and remanded sub nom. Hand v. Desantis,* 946 F.3d 1272 (11th Cir. 2020); *Democracy N. Carolina v. N. Carolina State Bd. of Elections,* No. 1:20CV457, 2020 WL 4484063 (M.D.N.C. Aug. 4, 2020), reconsideration denied, No. 1:20CV457, 2020 WL 6591396 (M.D.N.C. Sept. 30, 2020); *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335 (11th Cir. 2014).

9. Fair Elections Center attorneys provide representation to clients, such as the Plaintiffs in this case, who are unable to pay for the legal services required to litigate their claims and vindicate their federally-protected rights. We therefore do not bill clients for our legal services, and Fair Elections Center obtains no compensation unless we are successful. Based upon information regarding the prevailing rates charged by attorneys in the Middle District of Tennessee a of similar experience, skills, and reputation in civil rights cases and other similarly complex litigation in federal court, the hourly rates for Fair Elections Center staff are reflected in the chart below. I believe these rates are reasonable:

| Attorney/Position | Class Year | Hourly Rate |
|---|---|---|
| Michelle Kanter Cohen, Senior Counsel | 2008 | $450 |
| Jon Sherman, Senior Counsel | 2008 | $450 |
| Cecilia Aguilera, Counsel | 2018 | $290 |

2

10. I am admitted to practice law in the District of Columbia (active) and Massachusetts (inactive status as of December 2014). I was admitted to practice in Massachusetts in 2008 and to the District of Columbia in 2009. I have also been admitted to the U.S. District Courts for the District of Columbia and the Western District of Wisconsin, the U.S. Courts of Appeals for the Fourth, Seventh, Tenth, and Federal Circuits, and the U.S. Supreme Court. I have approximately twelve years of legal experience.

11. Prior to my employment at Fair Elections Center, I was previously employed for five years as Election Counsel at Project Vote, a nonpartisan, nonprofit organization based in Washington DC with a focus on voting rights and civic engagement issues related primarily to voter registration and election administration. In that capacity my responsibilities included litigating voting rights cases, primarily focusing on cases under the National Voter Registration Act of 1993. With respect to my litigation responsibilities, I reported to Project Vote's General Counsel and then subsequently, to the Litigation Director. My responsibilities also included legal and policy research and preparing written testimony and other documents relating to proposed legislation and regulatory action affecting election administration and voting rights issues.

12. I am a national expert on voter registration drive restrictions. I co-authored a policy paper entitled "Restricting Voter Registration Drives" published in September 2014 by Project Vote.[1] I have also previously participated in litigation regarding voter registration drive restrictions. I have also written legislative testimony and/or veto letters in multiple states regarding voter registration drive restrictions, and researched additional states' voter registration drive laws. Since 2012, I have also provided technical assistance to organizations conducting voter registration drives related to compliance with voter registration drive laws.

13. I was previously employed as a litigation associate in the Washington D.C. office of Wilmer, Cutler, Pickering, Hale & Dorr LLP, a large international law firm. In that capacity, I worked on litigation matters primarily in federal court. I was also previously a legal intern in the chambers of U.S. District Judge Reginald C. Lindsay of the District of Massachusetts.

14. I earned my J.D. from Boston College Law School in 2008, graduating *magna cum laude* and in the top 5% of my class. I was also admitted to the Order of the Coif and earned a certificate of Pro Bono Excellence. I also served as an Articles Editor on the *Boston College Law Review*. I earned a Bachelor of Arts in Political Science from Yale University in 2003, *cum laude*, with Distinction in the major. I was also admitted to Pi Sigma Alpha, the national political science honor society.

---

[1] Mortellaro, Stephen, and Michelle Kanter Cohen, "Restricting Voter Registration Drives," Policy Paper for Project Vote (2014), *available at* http://www.projectvote.org/wp-content/uploads/2015/06/RESTRICTING-VR-DRIVES-POLICY-PAPER-SEPT-2014.pdf

15. Jon Sherman is Senior Counsel at Fair Elections Center. He is admitted to practice in the District of Columbia. He has also been admitted to practice in the U.S. Supreme Court, the U.S. Courts of Appeals for the Fourth, Seventh, and Ninth Circuit, and the U.S. District Courts for the Eastern and Western Districts of Wisconsin. His practice has entailed over nine years of litigating voting rights cases in both federal and state court under the United States Constitution and federal and state statutes and he currently has active cases around the country. He has approximately twelve years of legal experience.

16. Mr. Sherman holds a bachelor's degree from Harvard University (A.B. 2003) and his law degree from Columbia Law School (J.D. 2008). Prior to his employment at Fair Elections Center, he clerked for Judge George King of the U.S. District Court for the Central District of California and Judge Barry Silverman of the U.S. Court of Appeals for the Ninth Circuit. He was also previously employed as an attorney with the ACLU Voting Rights Project, a nonpartisan, nonprofit organization based at the time in Atlanta, Georgia, and as a litigation associate in the Washington D.C. office of Wilmer, Cutler, Pickering, Hale & Dorr LLP, a large international law firm.

17. Cecilia Aguilera is Counsel at Fair Elections Center. Previously, she completed a voting rights fellowship with the Campaign Legal Center. As a law student, she interned at the U.S. Department of Justice's Civil Rights Division and Office of the Pardon Attorney, the D.C. Superior Court, and the Capital Appeals Project. She also served as a student attorney with the Georgetown Juvenile Justice Clinic. Prior to law school, Ms. Aguilera worked as a staff assistant for U.S. Senator Dianne Feinstein, then as a legislative correspondent on Senator Feinstein's Judiciary Committee staff.

18. Ms. Aguilera holds a B.A. from Mills College, a master's degree from the University of Cambridge (UK), and her J.D. from Georgetown University, which she earned in 2018. She is a member of the bars of the District of Columbia, U.S. District Court for the District of Columbia, and the U.S. District Court for the Western District of Wisconsin, as well as the U.S. Court of Appeals for the Seventh Circuit.

19. I believe the hours that Mr. Sherman, Ms. Aguilera, and I are claiming are reasonable.

20. Documents detailing the time entries for which Fair Elections Center seeks fees are provided with this fee application. These attachments provide a detailed itemization for the fees requested for the work of Mr. Sherman, Ms. Aguilera and myself, and are a true and accurate reflection of Fair Elections Center's work in this matter. The attachments were prepared based on a review of contemporaneous records.

| Attorney | Hours | Rate | Amount Billed |
|---|---|---|---|
| Michelle Kanter Cohen (Senior Counsel) | 58.2 | $450/hr | $26,190 |
| Jon Sherman (Senior Counsel) | 7.8 | $450/hr | $3,510 |
| Cecilia Aguilera (Counsel) | 14.1 | $290/hr | $4,089 |
| **TOTAL** | | | **$33,789** |

21. At all times, Fair Elections Center attorneys conducted their representation of Plaintiffs as efficiently and economically as possible within the bounds of our duty to pursue our clients' claims zealously.

22. Plaintiffs wish to be reasonable and fair in seeking fees and have exercised billing discretion in various ways. Fair Elections Center attorneys did not record time for every conference call or meeting with members of Plaintiffs' legal team, either in whole or in part, and therefore Fair Elections Center has excluded various hours attributable to such work in the computation of fees that Plaintiffs request. The work logs of others may reflect meetings or calls in which Fair Elections Center attorneys participated but for which Fair Elections Center attorneys did not separately record time and seek fees. Any such discrepancy does not represent an inaccuracy in time records.

23. Fair Elections Center did not have a paralegal or administrative assistant available to assist with necessary clerical tasks such as docket management or matters related to filing in this matter. Though I took responsibility for these tasks at Fair Elections Center, in the exercise of billing discretion, I did not record and am not claiming any time for these tasks.

24. In the interest of preventing duplication, Fair Elections Center has also limited the amount of time it is seeking for time spent on team litigation calls, and is restricting its request to only one biller for each such call.

25. In the interest of billing discretion, Fair Elections Center has also eliminated from this request the time spent preparing this fee petition.

26. The overall lodestar request contained herein for Fair Elections Center is in my judgment wholly reasonable and necessary in light of the actual work performed in litigating this matter before the district court, the results obtained, the importance of this case to the free speech, associational rights, and voting rights of Tennessee citizens and community organizations, and the overall time demands of this matter.

27. For the reasons set forth herein, as well as the declarations of Thomas H. Castelli, Theresa J. Lee, Danielle M. Lang, William H. Harbison, and Doug Johnston, and in Plaintiffs' supporting memorandum of law, Plaintiffs respectfully request that the Court award them attorneys' fees in the amount of $33,789 for Fair Elections Center's work in connection with this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Silver Spring, Maryland on December 21, 2020.

*/s/ Michelle E. Kanter Cohen*
Michelle E. Kanter Cohen
DC Bar No. 989164
Senior Counsel
Fair Elections Center
Washington, DC 20006
Tel.: (202) 331-0114
mkantercohen@fairelectionscenter.org

# EXHIBIT 1

| Date | Time | Description |
|---|---|---|
| 16-Apr-19 | 0.6 | Call with ACLU attorneys re TN voter registration drive litigation |
| 5-May-19 | 1.2 | Call w/Ms. Vickery |
| 5-May-19 | 3.0 | Draft notice letter |
| 6-May-19 | 1.1 | call w/litigation team re draft complaint |
| 6-May-19 | 0.4 | Review and respond to emails re case strategy |
| 7-May-19 | 0.4 | Call with Rachel Clay re registration in TN |
| 7-May-19 | 1.1 | draft notice letter |
| 7-May-19 | 0.6 | Review and respond to emails re case strategy |
| 7-May-19 | 0.4 | Review draft complaint |
| 7-May-19 | 0.2 | Review draft notice letter |
| 7-May-19 | 3.5 | revise draft complaint |
| 7-May-19 | 2.0 | revise draft complaint |
| 8-May-19 | 0.8 | Revise draft complaint |
| 8-May-19 | 0.7 | Revise draft notice letter |
| 22-May-19 | 1.0 | Confer with Ms. Vickery re litigation |
| 24-May-19 | 0.2 | Email litigation team regarding fact development |
| 28-May-19 | 0.2 | Email litigation team regarding fact development |
| 31-May-19 | 2.0 | Talk with Ms. Vickery re allegations |
| 2-Jun-19 | 1.8 | draft amended complaint |
| 3-Jun-19 | 3.2 | draft amended complaint |
| 3-Jun-19 | 0.6 | revise draft complaint |
| 3-Jun-19 | 0.8 | Talk with Ms. Vickery re allegations |
| 4-Jun-19 | 0.8 | Call to research potential plaintiff/witness orgs |
| 4-Jun-19 | 0.2 | correspond with litigation team re standing research |
| 4-Jun-19 | 0.3 | Review brief in NAACP v. Hargett and provide brief analysis to team |
| 5-Jun-19 | 0.4 | Correspond with litigation team re plaintiff research and strategy |
| 11-Jun-19 | 1.1 | Revise amended complaint allegations |
| 20-Jun-19 | 0.2 | Provide edits to draft amended complaint |
| 28-Jun-19 | 0.6 | Call with litigation team re case scheduling and strategy |
| 30-Jun-19 | 0.2 | Provide comments via email regarding litigation strategy |
| 12-Jul-19 | 1.1 | Revise opposition to motion to dismiss |
| 14-Jul-19 | 0.4 | Provide comments on legal research memo |
| 14-Jul-19 | 0.4 | Revise opposition to motion to dismiss |
| 15-Jul-19 | 0.2 | Conduct legal research for opposition to motion to dismiss |
| 15-Jul-19 | 1.4 | Revise opposition to motion to dismiss |
| 16-Jul-19 | 0.3 | to dismiss |
| 18-Jul-19 | 1.9 | Revise opposition to motion to dismiss |
| 5-Aug-19 | 0.4 | Review and provide comments on draft PI outline |
| 13-Aug-19 | 0.1 | Correspond with litigation team re client affidavits |
| 14-Aug-19 | 0.5 | Call with HeadCount volunteer |
| 16-Aug-19 | 0.5 | Call with HeadCount volunteer |
| 16-Aug-19 | 1.9 | Revise draft PI brief |
| 19-Aug-19 | 0.5 | Call with Mr. Bernstein (HeadCount) and Ms. Vickery re PI filings |
| 21-Aug-19 | 1.5 | Draft affidavit ISO PI |
| 22-Aug-19 | 0.3 | Email with litigation team regarding PI arguments |

| Date | Hours | Description |
|---|---|---|
| 23-Aug-19 | 0.2 | Revise affidavit ISO PI |
| 25-Aug-19 | 2.3 | Draft affidavit ISO PI |
| 25-Aug-19 | 1.7 | Revise affidavits ISO PI (.7, .3, .4, .3) |
| 26-Aug-19 | 0.1 | Revise PI motion |
| 27-Aug-19 | 5.0 | Revise PI motion |
| 28-Aug-19 | 0.9 | Call with Ms. Vickery re affidavit |
| 28-Aug-19 | 0.6 | correspond with legal team re Vickery affidavit |
| 28-Aug-19 | 0.4 | Revise draft affidvait |
| 29-Aug-19 | 0.3 | Call with Ms. Vickery re affidavit |
| 29-Aug-19 | 0.3 | correspond with legal team re Vickery affidavit |
| 29-Aug-19 | 0.9 | discuss Vickery affidavit with legal team |
| 29-Aug-19 | 0.2 | Finalize Vickery affidvait |
| 30-Aug-19 | 0.2 | Review and correspond with litigation team re defendant brief |
| 9-Sep-19 | 0.2 | Review and analyze MTD order |
| 11-Sep-19 | 0.2 | Correspond with Ms. Vickery |
| 11-Sep-19 | 1.6 | Review and revise draft PI reply |
| 12-Dec-19 | 0.2 | Review EC and Slatery ROGs and provide edits |
| 12-Dec-19 | 0.2 | review Goins ROG and suggest edits |
| 12-Dec-19 | 0.4 | Review RFPs and suggest edits |
| 3-Jan-20 | 0.1 | Address issues re subpoena response service |
| 23-Jan-20 | 0.1 | Address issues re case scheduling |
| 24-Jan-20 | 0.1 | Revise letter to counsel |
| 6-Feb-20 | 0.1 | Correspond with Mr. Rosborough re protective order |
| 13-Feb-20 | 0.2 | Address issues re draft proposed joint motion |
| 27-Mar-20 | 0.3 | Revise press release re HB 2363 |
| 3-May-20 | 0.2 | HB 2363 |
| 5-May-20 | 0.2 | Emails to litigation team re clients |

| | |
|---|---|
| Biller total | 58.2 |
| Rate | $ 450 |
| Total | $26,190.00 |

Sherman hours

| Date | Time | Description |
|---|---|---|
| 15-May-19 | 0.5 | Litigation team call |
| 22-May-19 | 1.0 | Call with Head Count's Tappan Vickery |
| 10-Jun-19 | 1.4 | Read and edit Complaint |
| 28-Jun-19 | 0.6 | Litigation team call |
| 1-Jul-19 | 0.5 | Litigation team call |
| 16-Jul-19 | 1.7 | Research on 1st Amendment cases for Opposition to Motion to Dismiss and emailing with colleague Michelle Kanter Cohen |
| 16-Jul-19 | 0.5 | Read through parts of Opposition to Motion to Dismiss draft |
| 26-Aug-19 | 1.6 | Read through and edit memorandum in support of Preliminary Injunction Motion |
| | | |
| Total | 7.8 | |
| Rate | $ 450 | |
| Biller total | $ 3,510.00 | |

Aguilera hours

| Date | Time | Description |
|---|---|---|
| 19-Aug-19 | 0.9 | Call w/Head Count |
| 20-Aug-19 | 1.9 | Reviewed draft PI motion |
| 21-Aug-19 | 1.4 | Reviewed LWV Ott declaration |
| 22-Aug-19 | 3.1 | Reviewed 2d draft PI motion |
| 23-Aug-19 | 0.6 | Reviewed and edited HeadCount declaration |
| 24-Aug-19 | 4.4 | Reviewed and edited HeadCount declaration |
| 25-Aug-19 | 0.7 | Reviewed AMAC and MSPJ declarations |
| 28-Aug-19 | 1.1 | Research re PI motion |
| 22-Oct-19 | 0.5 | Call w/Lawyers' Cmt counsel in NAACP case |
| 13-Nov-19 | 0.4 | Coordination call with LWV counsel |
| 13-Nov-19 | 0.8 | Reviewed draft plaintiffs' disclosure and identified potential edits |
| 13-Nov-19 | 0.7 | Call with Ms. Vickery (HeadCount) |
| 15-Nov-19 | 0.1 | Email to Ms. Vickery (HeadCount) |
| 15-Nov-19 | 0.1 | Edited disclosure doc |
| 15-Nov-19 | 0.3 | Call between LWV counsel and Lawyers' Cmt (NAACP v. Hargett counsel) |
| 27-Nov-19 | 0.1 | Reviewed draft 2d Amended Complaint |
| 2-Dec-19 | 1.5 | Reviewed draft RFPs & subpoena appendix |

Total 14.1
Rate $ 290
Biller total $ 4,089