# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, *et al.*,<br><br>    *Defendants*.<br><br>LEAGUE OF WOMEN VOTERS OF TENNESSEE, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee *et al.*,<br><br>    *Defendants*. | Civil Nos. 3:19-cv-365; 3:19-cv-385<br>Judge Aleta A. Trauger |

## DECLARATION OF DOUGLAS S. JOHNSTON, JR.

I, DOUGLAS S. JOHNSTON, JR., being of sound mind and aware of 28 U.S.C. 1746, declare under the penalty of perjury, that the following is true and correct.

1. I am a citizen and resident of the State of Tennessee and duly licensed to practice law in the State of Tennessee and have been a practicing lawyer since 1977. I am a founding partner in the law firm of Barrett Johnston Martin & Garrison, LLC, in Nashville, Tennessee. I

am admitted to practice in Tennessee as well as the U.S. District Court for the Middle District of Tennessee, the Sixth Circuit of the U.S. Court of Appeals, and the U.S. Supreme Court.

2. I was asked by counsel for the Plaintiffs to give an opinion regarding the claim for attorneys' fees they are submitting in this case brought pursuant to Section 1983 of 42 U.S.C., and fees and costs pursuant to 42 U.S.C. §1988.

3. A good part of my practice has been in the areas of civil rights/civil liberties litigation and class action litigation with a particular emphasis on securities, antitrust, consumer fraud, and voting rights litigation. These areas often involve fee shifting statutes. I have been called upon in a number of cases to opine on fee shifting requests, in addition to submitting my own fee requests.

4. While Middle Tennessee has a number of very capable lawyers, in my experience only a limited number will raise substantial civil rights claims against the government. This is because such law is continually evolving; these cases are often not politically popular; and, individuals making such challenges often do not have resources to fund such litigation or pay for counsel, as it was in this case.

5. I have spoken with Mr. Dewey Branstetter and his colleagues regarding this litigation and have reviewed selected documents including the operative complaint. I am aware that the Plaintiffs in this litigation were successful in opposing a Motion to Dismiss the litigation, and that they obtained a preliminary injunction which enjoined the operation of the provisions of Tennessee law that the Plaintiffs were challenging. Ultimately, at the urging of the Tennessee Secretary of State, Tre Hargett, and the Tennessee Coordinator of Elections, Mark Goins, both of whom were named defendants in the litigation, the Tennessee Legislature passed a bill repealing the parts of the law that had been challenged by the Plaintiffs, and the Governor signed this law

on April 2, 2020, the date it became effective. This case presented complex legal issues in an area of the law that tends to be very specialized.

6. Based on my review of this case, I am impressed by the work undertaken by all of the plaintiffs' counsel during the time frame of the case with the myriad and complex issues involved.

7. It is my professional opinion that the hours expended in this case were both reasonable and necessary. I base this opinion on several factors including, but not limited to, the complexity and nuance of the issues involved, the complexity of the legal issues raised, the time frame in which this action proceeded, and the defense mounted by the defendants.

8. It is also my professional option that the rates sought by William L. Harbison, C. Dewey Branstetter Jr., Hunter Branstetter, Tom Castelli, Sarah Brannon, Michelle Kanter Cohen, Jon Sherman, Davin Rosborough, Theresa Lee, Sophia Lakin, Danielle Lang, Molly Danahy, Urja Mittal, Cecilia Aguilera, Jeff Zalesin, and the various paralegals who worked on the case, are reasonable and appropriate for the Nashville market based on these lawyers' excellent credentials and experience.

9. It is my professional opinion that these hourly billing rates are imminently reasonable. I base this opinion on several factors, including my familiarity with the rates typically charged by lawyers of similar stature and experience for similar services in this locality and the stellar reputation in this community of many of the attorneys.

10. I am of the professional opinion that the hours expended on behalf of the Plaintiffs and the hourly billing rates sought should be used to calculate the lodestar in this matter. I believe the fees and expenses requested are fair, adequate, reasonable and well within

the range of that customarily charged for attorneys with experience and expertise such as those of the attorneys handling this matter.

11. It is my further opinion, given the controversy surrounding this case, the fact that Plaintiffs were challenging a Tennessee law that was passed overwhelmingly by the Tennessee General Assembly, and coupled with the excellent results achieved by Plaintiffs' counsel, that they deserve an enhancement of their fees, in the Court's discretion.

I declare, pursuant to 28 U.S.C. 1746, under the penalty of perjury that the above statement is true and correct this 18 day of December, 2020.

Douglas S. Johnston, Jr.

966411.1   12997-001