# EXHIBIT 5-1

# WALLACE W. DIETZ DECLARATION

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, et al., <br><br> Defendants. | Civil No. 3:19-cv-365 <br> Hon. Aleta A. Trauger |

### DECLARATION OF WALLACE W. DIETZ

I, Wallace W. Dietz, submit this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, and state that the following is true and correct:

1. This declaration is submitted in support of the fee application submitted by Hogan Lovells US LLC ("Hogan Lovells") Lawyers' Committee for Civil Rights Under Law (Lawyers' Committee) and Burch, Porter and Johnson PLLC, ("Burch Porter"), and Bromberg Law PLLC ("Bromberg Law") in this case[1].

2. I have practiced in the Middle District for Tennessee for the past 38 years since my graduation from Georgetown University Law Center in May, 1982. After graduation from law school, I began a judicial clerkship with the honorable Thomas A. Wiseman, Jr. in the United States District Court for the Middle District of Tennessee ("this Court" or "Court"). I was admitted to the Bar of the State of Tennessee in October 1982. I am currently admitted to practice in this

---

[1] The undersigned is not receiving compensation for providing this declaration and has no financial interest in any possible fee award.

1

Court, the United States District Court for the Eastern District of Tennessee, the United States Court of Appeals for the Sixth Circuit, and the Supreme Court of the United States. I am also admitted to practice in the District of Columbia.

3. Upon concluding my judicial clerkship in June 1983, I joined Bass Berry & Sims PLC as an associate. Since January 1990, I have practiced continuously at Bass Berry & Sims PLC as a partner/member. I have served as practice head of the firm's litigation group and multiple terms on the firm's executive committee.

4. My litigation practice focuses primarily on complex civil litigation in state and federal courts, including securities fraud class action cases, derivative cases, contract disputes, and alleged violations of federal statutes such as the Fair Credit Reporting Act, the Petroleum Marketing Practices Act, and the state statues such as the Tennessee Consumer Protection Act. I have also represented clients as plaintiffs in cases alleging violations of civil rights protected by the United States Constitution. In the course of my 37-year career in private practice, I have represented defendants and plaintiffs in this Court. In many of those cases, I have reviewed applications for attorneys' fees and I have personal knowledge of prevailing rates for attorneys' fees for complex litigation in the Middle District.

5. Hogan Lovells, the Lawyers' Committee, Burch Porter, and Bromberg Law, as counsel for the four plaintiffs in this case, successfully filed a motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Motion for Preliminary Injunction") to enjoin the enforcement of certain provisions of a newly enacted law that amended certain sections of Title 2 of the Tennessee Code Annotated, specifically §§2-2-142, 2-2-143, and 2-29-145 (the "Act"). The Act imposed onerous burdens on individuals and civic engagement organizations that assist citizens in registering to vote. The Act levied draconian criminal penalties

2

and steep civil fines on organizations and individuals that organized voter registration drives and failed to comply with the burdensome requirements of the Act. This case received significant attention from the members of the Bar of this Court (myself included), the media, and the public.

6. The Court granted the Motion for Preliminary Injunction on September 13, 2019. Plaintiffs in this case have now applied to recover attorneys' fees for their time spent litigating this case, including the successful Motion for Preliminary Injunction. Specifically, the following attorneys have applied for fees:

| Name | Position | Name of Firm/Organization |
|---|---|---|
| Ira Feinberg | Partner | Hogan Lovells |
| Allison Holt Ryan | Partner | Hogan Lovells |
| Madeline Gitomer | Senior Associate | Hogan Lovells |
| Kyle Druding | Mid-level Associate | Hogan Lovells |
| Joe Charlet | Junior Associate | Hogan Lovells |
| Marlan Golden | Junior Associate | Hogan Lovells |
| Ezra Rosenberg | Co-Director, Voting Rights Project | Lawyers' Committee |
| Pooja Chaudhuri | Associate Counsel, Voting Rights Project | Lawyers' Committee |
| Taylor Cates | Partner | Burch Porter |
| Will Irvine | Senior Associate | Burch Porter |
| Yael Bromberg | Chief Counsel of Voting Rights, Andrew Goodman Foundation | Bromberg Law |

7. Hogan Lovells is a preeminent global law firm that is well-known and respected for its pro bono practice, which is regarded to be the oldest such practice in the nation. The Hogan Lovells team involved in this case have decades of experience litigating complex constitutional issues in federal court, including significant voting rights litigation, and members of this team are nationally recognized in their fields. The lead partner at Hogan Lovells, Ira Feinberg, is a member of the firm's nationally-recognized appellate practice, and has substantial expertise and experience in litigating constitutional issues. After graduating from Harvard Law School *magna cum laude*

3

and clerking for Judge Henry Friendly on the Second Circuit and Justice Thurgood Marshall on the Supreme Court, he has devoted much of his law practice for more than forty years to addressing significant constitutional and statutory issues, including significant voting rights litigation. Most recently, he worked with the Lawyers' Committee to establish the right of Georgia citizens to register to vote in a hotly-contested run-off election, even if they had not previously been registered for the first round of the election. *Georgia State Conference of the NAACP v. Kemp*, No. 1:17-CV-1397-TCB, 2017 WL 9435558 (N.D. Ga. May 4, 2017). Allison Holt Ryan, who co-led the case with Mr. Feinberg, previously clerked for Judge Gilbert S. Merritt on the Sixth Circuit Court of Appeals and has practiced litigation at Hogan Lovells for ten years. Mrs. Holt Ryan has extensive experience litigating complex and constitutional matters in federal courts throughout the country, including pro bono cases, and was recently named a *Law360 Rising Star*.

8. Burch Porter, likewise, enjoys a well-deserved stellar reputation for excellence in advocating for their clients and has a history of civil rights litigation going back decades.

9. Since 1963, the Lawyers' Committee has been a leading national civil rights organization and one of its core activities has been litigation. Voting Rights is the largest Project at the Lawyers' Committee and the Project has litigated more than 70 cases in the last five to six years throughout the country including this past year. The Lawyers' Committee also has an extensive history in the South including in Tennessee. The Lawyers' Committee litigated *Hardeman Cty NAACP v. Frost*, No. 03-1041 (W.D. Tenn. Dec. 9, 2003) which involved a city council at-large redistricting scheme in Bolivar County that the plaintiffs alleged diluted the voting strength of African Americans in violation of Section 2 of the Voting Rights Act. Ezra Rosenberg, the Co-Director of the Voting Rights Project at the Lawyers' Committee was formerly a partner at the prominent Dechert law firm, and has more than 45 years of experience litigating complex civil

4

cases and has litigated more than 90 voting rights cases since he joined as Co-Director in 2014. He is very well-known in the voting rights community and the civil rights community at large and is routinely sought out as an expert commentator on national voting rights issues.

10. Yael Bromberg serves as Chief Counsel for Voting Rights (outside counsel) with The Andrew Goodman Foundation, a national nonpartisan organization dedicated to making youth voices and votes a powerful force in democracy. This includes pursuing youth voting rights litigation nationally, including in state and federal cases in Florida, New York, Wisconsin, and before the United States Supreme Court. She has litigated more than eight voting rights cases in district, appellate, and the Supreme Court of the United States. Ms. Bromberg extensively writes on the student vote and in particular has published impactful scholarship on the Twenty-Sixth Amendment to the United States Constitution and its relationship with youth voting. Her work was important to the case because she made sure that the student perspective was accurately reflected in pleadings and the overall case strategy. She also spent a considerable amount of time gathering evidence related to the Act's impact on the Andrew Goodman Foundation. Despite having more than eight years of experience in voting rights, Ms Bromberg is billing at a much lower rate ($380/hour) as an exercise of billing judgment.

11. The legal work completed by Hogan Lovells, the Lawyers' Committee, Burch Porter, and Bromberg Law in this case was outstanding and resulted in the protection of critical First and Fourteenth Amendment Rights. The hourly rates requested by the attorneys at Hogan Lovells and the Lawyers Committee in this case are less than or equal to the prevailing hourly rates for complex litigation in this Court. The rates are as follows:

| Position | Rate |
|---|---|
| Senior Partner | $700 |
| Junior Partner | $500 |
| Senior Associate | $450 |

5

| Midlevel Associate | $400 |
| Junior Associate | $300 |
| Paralegal | $200 |

12. Likewise, the rates requested by Burch Porter are less than the prevailing hourly rates for complex litigation in this Court. The rates are as follows:

| Position | Rate |
|---|---|
| Partner | $395 |
| Associate | $240 |
| Paralegal | $185 |

13. The hourly rate of $380/hour requested by Ms. Bromberg of Bromberg Law is more than reasonable given that she has over 8 years of experience in voting rights and serves as the Chief Counsel of Voting Rights at the Andrew Goodman Foundation.

14. All of these rates are roughly equal to or less than the hourly rates my firm charges for partners and associates in complex civil litigation in this Court. Our firm currently charges rates ranging from $335 to $825 per hour for litigation attorneys in its Nashville office, based on experience and the nature of the litigation. Hogan Lovells reduced its normal and customary hourly rates to match the prevailing hourly rates in this jurisdiction and legal market. The rates requested by Burch Porter are below the prevailing rates in this jurisdiction and legal market.

15. The hourly rates and total amount of fees requested by Hogan Lovells, the Lawyers' Committee, Burch Porter, and Ms. Bromberg are reasonable, especially in view of the fact that this case involved the fundamental rights of speech, expression, and voting, protected under the First and Fourteenth Amendments to the United States Constitution, and the issues they were addressing were complex issues of first impression. The Preliminary Injunction was an important victory—it ensured that Plaintiff groups would not be prosecuted or fined for exercising their core constitutional rights. All co-counsel groups had to spend a considerable amount of time developing

6

Case 3:19-cv-00365   Document 103-6   Filed 12/21/20   Page 7 of 8 PageID #: 1578

the complex legal theories and claims in this case including during the filing of the Complaint, Opposition to the Motion to Dismiss, and Preliminary Injunction Memorandum of Law. In particular, the Preliminary Injunction required Counsel to develop a detailed factual record through client interviews of how the Act impacted Plaintiffs' voter registration activities, their sources of funding, and their ability to carry out their mission. The forty-page memorandum filed by Counsel in support of the Motion for Preliminary Injunction was persuasive and successful. The defendants vigorously opposed the Motion for Preliminary Injunction. Counsel undertook this representation without any guarantee of payment for their time and expenses.

16. For the foregoing reasons, I believe the hourly rates and amount of fees requested by Hogan Lovells, the Lawyers' Committee, Burch Porter, and Ms. Bromberg are reasonable and appropriate.

Executed this 21st day of December, 2020.

*/s/ Wallace W. Dietz*
Wallace W. Dietz

29516987.1