# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, *et al.*, <br><br> *Defendants*. <br><br>--- <br><br> LEAGUE OF WOMEN VOTERS OF TENNESSEE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee *et al.*, <br><br> *Defendants*. | Civil Nos. 3:19-cv-365; 3:19-cv-385 <br> Judge Aleta A. Trauger |

**LEAGUE OF WOMEN VOTERS OF TENNESSEE–PLAINTIFFS'
REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, COSTS, AND EXPENSES**

Defendants rely upon an unfounded interpretation of the Sixth Circuit's prevailing-party standard and fail to recognize that the never-vacated preliminary injunction in this case provided Plaintiffs the enduring relief they sought. And while they argue for a fifty-percent reduction in fees if Plaintiffs are awarded prevailing-party status, they rely on minor quibbles in seeking this sweeping reduction and seek to exclude legitimate categories of time spent litigating this case. The Court should reject these arguments and award Plaintiffs the full amount of fees sought, which Plaintiffs have already voluntarily reduced to eliminate duplication and non-essential time.

**I. Defendants Misconstrue the Sixth Circuit's Prevailing-Party Standard and Fail to Rebut Plaintiffs' Showing that they are Prevailing Parties.**

Defendants recognize that prevailing-party status based on an unreversed preliminary injunction in a case ultimately dismissed voluntarily or based on mootness demands a "case-specific inquiry," which considers whether "a court-ordered, material, enduring change in the legal relationship between the parties" occurred. *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019). They do not dispute that Plaintiffs obtained material, court-ordered relief. Yet they misapply this standard by insisting that the failure to obtain a *permanent* injunction is "fatal" to a fee request because without it the court-ordered relief would not be enduring. Defs.' Br. 7. And rather than showing how any of the cases relied upon by Plaintiffs demonstrates a lack of court-ordered, material, enduring relief here, they merely cite "distinction[s] without a difference" that fail to address the relevant factors. *Miller*, 936 F.3d at 448.

Adopting Defendants' rule would nullify Sixth Circuit decisions affirming fee awards where a preliminary injunction alone created material relief. This Circuit "does not require a plaintiff to achieve such comprehensive success in all instances in which cases are mooted prior to the issuance of a final judicial order." *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 540 (6th Cir. 2019), *cert. denied sub nom. Yost v. Planned Parenthood Sw. Ohio Region*,

1

141 S. Ct. 189 (2020). As in *Planned Parenthood*, "the injunction here resulted from a careful and thorough review of the evidence and the merits" of Plaintiffs' claims, and "most importantly, [the] relief never expired and was not 'reversed, dissolved, or otherwise undone by the final decision in the same case.'" *Id.* at 539 (quoting *Sole v. Wyner*, 551 U.S. 74, 83 (2007)). Requiring permanent injunctive relief cannot be squared with *Planned Parenthood*. Defendants' proposed rule also contravenes *Miller*, where the plaintiffs were prevailing parties without a permanent injunction or declaratory relief because they obtained similar relief through a preliminary injunction and "didn't need to obtain duplicative relief in every form that they originally sought it." 936 F.3d at 449–50.

Defendants wrongly contend that the preliminary injunction did not provide enduring relief to Plaintiffs. As in *Planned Parenthood*, "the court never issued a formal order revoking or vacating the injunction." 931 F.3d at 539–40. Rather, the Court's order dismissing this case recognizes the enduring nature of the relief Plaintiffs obtained: the preliminary injunction has "remained in effect at all times, and the challenged provisions of the law were never enforced." ECF No. 98 at 2. The preliminary injunction was never dissolved—it prevented the Law from going into effect and endured during the entire time the Law was in place. While Defendants argue that *Planned Parenthood* is distinguishable because that preliminary injunction lasted longer and was affirmed by the Sixth Circuit, Defs.' Br. 11, these facts do not dictate whether relief is enduring. Instead, it is the function of the relief that matters. In that regard, the relief here is indistinguishable from *Planned Parenthood*. Importantly, the preliminary injunction provided Plaintiffs with the immediate relief they needed to conduct their work during the 2018 election cycle. Absent this Court's preliminary relief, that would not have been possible.

Moreover, the ultimate district court decision in *McQueary v. Conway*, No. 06-CV-24-KKC, 2012 WL 3149344 (E.D. Ky. Aug. 1, 2012), and the district court decision in *Jones v.*

*Haynes*, 350 F. Supp. 3d 691 (M.D. Tenn. 2018), do not undermine Plaintiffs' request. This Court correctly recognized in *Occupy Nashville v. Haslam* that the *McQueary* decision does not limit fees to situations "where, after the passage of a defined event, a preliminary injunction can no longer be revoked." No. 3:11-cv-01037, 2015 WL 4727097, at *7 n.4 (M.D. Tenn. Aug. 10, 2015). And *Jones* is completely inapposite, as the plaintiffs there "never received any kind of substantive judgment in this case" and the "preliminary injunction was not based upon the merits of the case" but "simply made official Defendants' agreement" to not enforce a statute while under legislative review. *Jones*, 350 F. Supp. 3d at 696. Like the plaintiffs in *Occupy Nashville* and unlike those in *Jones*, the Court issued a preliminary injunction that recognized Plaintiffs' "strong likelihood of success on the merits," ECF No. 61, No. 19-cv-385, at 1, which, contrary to Defendants' unsupported assertion otherwise, is precisely the kind of "'unambiguous indication of probable success on the merits' that might justify an award of fees," Defs.' Br. 10.

The preliminary injunction in this case was based on a careful review of the evidence and the merits, gave Plaintiffs all the substantive relief they requested, endured throughout the election cycle until the Law was repealed, and was never vacated. The Court's decision created enduring relief that was never undone. Plaintiffs were not converted from winners to losers by the State's decision to abandon the challenged law after being enjoined by this Court. Defendants' proposed rule would perversely withhold fees where they are most obviously warranted—where a law is so indefensible it is abandoned after being preliminarily enjoined—subverting Congress's determination to encourage private attorneys general to enforce civil rights laws, "a policy that Congress considered of the highest priority." *Fox v. Vice*, 563 U.S. 826, 833 (2011).

## II. Defendants Fail to Justify Any Substantial Fee Reduction.

Defendants contend that if the Court awards fees, it should nonetheless reduce the fee award to both the LWVTN and the TN NAACP Plaintiffs by fifty percent, citing purported

3

overstaffing, vague time entries, and unnecessary entries that did not support the litigation. They are wrong on the facts and the law.[1]

Defendants claim that Plaintiffs' use of multiple attorneys was excessive. But "[m]ultiple-lawyer litigation is common and not inherently unreasonable." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 704 (6th Cir. 2016). The relevant factor is not the number of attorneys, but unreasonable duplication. Time awarded to multiple attorneys "is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Johnson v. Univ. College of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983). Courts should not reduce fees "on the basis that multiple attorneys helped to secure a prevailing party's success." *A.J. by L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995). Plaintiffs already reduced their hours expressly to avoid duplication, *see* ECF No. 100-1 at 14. And Defendants fail to note that only eight attorneys billed more than 50 hours and only five billed more than 100. *See* ECF No. 100-3. They also ignore the complexity of voting rights litigation. *See* ECF No. 100-1 at 17.

Defendants also argue that several entries are "unreviewable" due to vagueness, Defs.' Br. 16, but only object to 12.52 of the 1215.29 hours sought on this basis, or *1%* of Plaintiffs' time. Even were 1% of the entries too vague, this does not justify any more than a 1% reduction.

Finally, Defendants object to some entries based on the type of work; the most significant were entries they labeled "correspondence and planning between co-counsel," "pre-litigation work," and "third party subpoenas." *See* Ex. A to Defs.' Br. None should be sustained. As to "correspondence and planning between co-counsel," these entries clearly concern strategic

---

[1] This matter involves two cases, which were not consolidated until after the preliminary injunctions. Defendants never sought consolidation, and the Court should reject their apparent attempt to halve their fee obligations by conflating the work by two different sets of counsel in two separate cases representing two separate groups of clients as "duplicative" and "overstaffed."

4

decision making and coordination of the suit, which are core parts of litigation. Indeed, "co-counsel may consult each other to avoid duplicative work and otherwise to maximize their efficiency and effectiveness." *Rembert v. A Plus Home Health Care Agency LLC*, No. 20-3454, — F.3d —, 2021 WL 236602, at *3 (6th Cir. Jan. 25, 2021). This Circuit rejected a similar attempt to limit fees for attorney communication, noting that there is "no hard-and-fast rule as to how many lawyers can be at a meeting or how many hours lawyers can spend discussing a project," and credited the lawyers' time records and the need for such conversations based on the "complexity of the proceedings before it." *Ne. Ohio Coalition*, 831 F.3d at 706; *see also New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 12-91-GFVT, 2016 WL 3951086, at *3 n.2 (E.D. Ky. July 20, 2016) ("[T]he Court will not penalize attorneys for working together. Collaboration is not duplication.").

Many of the entries labeled "pre-litigation work" pertain to gathering information from clients to craft a complaint, assessing legal strategies and claims, and drafting the complaint. As the Supreme Court has noted, "some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed 'on the litigation,'" with the "[m]ost obvious examples [being] the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Webb v. Bd. of Educ. of Dyer Cnty.*, 471 U.S. 234, 243 (1985); *see also Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 630 (6th Cir. 2013) (citing *Webb* and noting that "some work performed before formal litigation may be compensable, for example drafting pleadings or developing a case theory"). This objection should be overruled.

Defendants also fail to show why the challenged entries relating to discovery efforts to county election officials to gather evidence to support their claims were improper. Such an objection is not well-founded. None of Defendants' objections support any reduction in Plaintiffs' lodestar, let alone one of the magnitude Defendants seek.

Dated: January 28, 2021

/s/ Theresa J. Lee
Theresa J. Lee*
Sophia Lin Lakin*
Davin M. Rosborough*
Dale E. Ho*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
slakin@aclu.org
tlee@aclu.org
drosborough@aclu.org
dho@aclu.org

Sarah Brannon*, **
American Civil Liberties Union Foundation
915 15th Street, 6th Floor
Washington, DC 20005
Tel.: (202) 544-1681
sbrannon@aclu.org
** not admitted in DC; DC practice limited to federal court only


William H. Harbison, BPR#7012
C. Dewey Branstetter, Jr. BPR#9367
Hunter C. Branstetter, BPR#32004
Sherrard Roe Voigt & Harbison
150 3rd Avenue South, Suite 1100
Nashville, TN 37301
Tel.: (615) 742-4200
bharbison@srvhlaw.com
dbranstetter@srvhlaw.com
hbranstetter@srvhlaw.com

Respectfully submitted,

Thomas H. Castelli, BPR#024849
Legal Director
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
tcastelli@aclu-tn.org

Danielle Lang*
Molly Danahy*
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005
Tel.: (202) 736-2200
dlang@campaignlegal.org
mdanahy@campaignlegal.org

Michelle Kanter Cohen*
Cecilia Aguilera*
Jon Sherman*
Fair Elections Center
1825 K Street NW, Suite 450
Washington, DC 20006
Tel.: (202) 331-0114
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org
jsherman@fairelectionscenter.org

*Attorneys for League of Women Voters of Tennessee Plaintiffs*
*admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 28, 2021 by operation of the Court's electronic filing system on the following:

>Alexander S. Rieger
>Andrew B. Campbell
>Kelley L. Groover
>Office of the Attorney General and Reporter
>War Memorial Building, 3rd Floor
>P.O. Box 20207
>Nashville, TN 37202
>(615) 741-2408
>alex.rieger@ag.tn.gov
>andrew.campbell@ag.tn.gov
>kelley.groover@ag.tn.gov

>>*/s/ Theresa J. Lee*
>>Theresa J. Lee