# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE N.A.A.C.P., et al., | |
| Plaintiffs, | |
| v. | |
| TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, et al., | |
| Defendants. | Civil Nos. 3:19-cv-365; 3:19-cv-385 Hon. Aleta A. Trauger |
| LEAGUE OF WOMEN VOTERS OF TENNESSEE, *et al.*, | |
| Plaintiffs, | |
| v. | |
| TRE HARGETT, *et al.*, | |
| Defendants. | |

## REPLY MEMORANDUM IN SUPPORT OF NAACP PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

## I.     Plaintiffs Are Prevailing Parties.

Defendants argue that Plaintiffs should be denied recovery under 42 U.S.C. § 1988 because Plaintiffs do not qualify as "prevailing parties."  Defendants argue that Plaintiffs did not obtain "enduring" "court-ordered" relief, Defendants' Response ("Response") at 4, 7, because (i) the "court-ordered" change in the parties' legal relationship that Plaintiffs obtained, a preliminary injunction, was temporary and not "enduring"; and (ii) the "enduring" change—the repeal of the challenged statutes—was not "court-ordered" because it was undertaken "voluntarily" by the Tennessee General Assembly.  Defendants' arguments are unpersuasive, and do not undermine Plaintiffs' prevailing party status.  The cases Defendants rely upon are not on point here, and Defendants all but ignore the more relevant controlling cases.

Plaintiffs here, in obtaining a preliminary injunction expressly based on their substantial likelihood of success on the merits, obtained significant relief that permanently altered the parties' legal relationship.  The preliminary injunction prevented the challenged provisions from going into effect on October 1, 2019, as scheduled, and allowed Plaintiffs to continue to engage in voter registration activities without fear of fines or prosecution.  As a result, long before the provisions were repealed on April 2, 2020, Plaintiffs had successfully registered thousands of Tennessee voters and gave them the opportunity to participate in the important 2020 federal and state elections.  That is enduring relief obtained by Plaintiffs solely by virtue of obtaining a preliminary injunction, much like the protest activity permitted by this Court's ruling in *Occupy Nashville v. Haslam*, 2015 WL 4727097 (M.D. Tenn. Aug. 10, 2015).

Moreover, Defendants' argument that the General Assembly's repeal of the challenged statutes was "voluntary," and not "court-ordered," ignores the direct causal relationship between this Court's ruling and the legislative repeal.  As the Sixth Circuit explained in *Miller v. Caudill*,

936 F.3d 442, 448 (6th Cir. 2019), "[f]or the change [in the parties' legal relationship] to be 'court-ordered,' the preliminary injunction 'must have caused it.'" And here, there *was* such a causal relationship: the Defendant state officials immediately acquiesced in the Court's order and never sought to appeal it, and the challenged statutory provisions were repealed explicitly in order to comply with this Court's order. *See* NAACP Plaintiffs' Mem. at 5.

Defendants rely heavily on the Sixth Circuit's decision in *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010), but that decision merely held that the fact that the plaintiff obtained only preliminary injunctive relief before repeal of the statute was *not* an absolute bar to an award of attorneys' fees. Instead, under *McQueary*, the district court has to engage in a "contextual and case-specific inquiry," *id*. at 601, which in the instant case compels the conclusion that Plaintiffs are prevailing parties. Defendants attempt to distinguish the Sixth Circuit's more recent decision in *Planned Parenthood Southwest Ohio Region v. DeWine*, 931 F3d 530 (6th Cir. 2019), but that decision is on point here. As in *Planned Parenthood*, the preliminary injunction here was based on "an unambiguous indication of probable success on the merits," *id*. at 539, the preliminary injunctive relief was never reversed or undone, and the preliminary injunction provided plaintiffs with significant and lasting tangible benefits while it was in effect. *Id*.

Similarly, Defendants' effort to distinguish this Court's decision in *Occupy Nashville*, Response at 9-10, is unpersuasive. Like *Occupy Nashville*, the preliminary injunction here was based on the clear unconstitutionality of the state statutes, the Defendants acquiesced and never sought to challenge the trial court's ruling, and the Plaintiffs were able to resume their activities without fear of arrest while the injunction remained in effect. 2015 WL 4727097 at *7.

Defendants also have no response to Plaintiffs' citation of *League of Women Voters of Fla. v. Browning*, 2008 WL 5733166 (S.D. Fla. Dec. 4, 2008), other than to note that it is not controlling here and to urge the Court not to follow it. Response at 11.

Defendants claim that *Jones v. Haynes*, 350 F. Supp. 3d 691 (M.D. Tenn. 2018), supports their argument, but that case is readily distinguishable. In *Jones*, unlike here, the repeal legislation was already pending before Plaintiffs made their preliminary injunction motion; the court viewed their motion as unnecessary, since they could have simply moved to stay the case pending the outcome of the pending legislation; and the court expressly stated that in granting the preliminary injunction, it was not making any determination of the merits of the case, and was simply preserving the status quo. *Id*. at 693-94.[1]

## II.     Plaintiffs' Requested Fees are Reasonable.

Defendants next argue that even if Plaintiffs are prevailing parties, the Court should nevertheless reduce the fee award by 50%. Defendants offer a number of shallow and pro forma arguments, each of which ignores the great discretion Plaintiffs' counsel exercised in submitting the fee request. As a threshold matter, Defendants *do not dispute* a key aspect of Plaintiffs' fee application, the hourly rates that underlie Plaintiffs' request, nor do Defendants dispute the conclusion, provided by Plaintiffs' expert, that these rates are reasonable and commensurate with Plaintiff counsel's expertise and the magnitude of the victory obtained. *See* Declaration of Wallace W. Dietz. Defendants therefore effectively concede that these rates are reasonable.

---

[1] Defendants also claim (Response at 13) that Plaintiffs are attempting to invoke the "'catalyst' theory for fee recovery rejected in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), but that is not true. In *Buckhannon*, the Court rejected a fee application where the plaintiffs had not obtained any judicial relief at all, and the trial court had never ruled on the merits of the case. That is a far cry from this case. Plaintiffs are not invoking the catalyst theory here as a basis for recovery.

The crux of Defendants' opposition is the naked assertion that Plaintiffs "overstaffed" this case. Response at 18. Defendants offer little to support this conclusion, citing a fleeting comparison to a single (and factually distinct) case where "most of the work was completed by two attorneys," Response at 14-15. Critically, Defendants *do not actually object* in their Exhibit B to *any* of the NAACP Plaintiffs' time as duplicative, and instead complain only that counsel communicated with each other. *See generally* Ex. B. Defendants cite no authority to support their claim that communicating with co-counsel cannot be compensated in a fee petition, nor does this make logical sense. And Defendants ignore that Plaintiffs' counsel proactively deleted from the request a substantial amount of the time originally billed to this matter. *See* Declaration of Allison Holt Ryan, at ¶ 21 (noting that Hogan Lovells deleted over 40% of time recorded); Declaration of Ezra D. Rosenberg, at ¶ 32 (noting that Lawyers' Committee for Civil Rights Under Law is seeking recovery for about 68% of total time expended on the case).[2]

Defendants object at least 23 times that Plaintiffs' time entries are "too vague to meaningfully review," and object at least 128 times to Plaintiffs' block billing. *See* Response at 14, 15. But a review of the time entries in question demonstrates that they are "sufficiently detailed to enable courts to review the reasonableness of the hours expended," *Smith v. Service Master Corp.,* 592 Fed. App'x 363, 371 (6th Cir. 1990), and clearly "identify the general subject matter of [ ] time expenditures"—all that is required here. *Id.*[3] For example, Defendants object

---

[2] *See also* Declaration of Allison Holt Ryan, at ¶ 22-23 (noting efforts to eliminate from fee request any inefficient or duplicative time, including time rendered duplicative as a result of working with co-counsel, including total elimination of time contributed by four attorneys and ten support staff); Declaration of Ezra D. Rosenberg, at ¶ 38 (noting that he "eliminated completely" from the fee request the time of several senior and junior members of the LCCRUL's team, and discounted other work).

[3] The court in *Michigan State A. Philip Randolph Institute v. Johnson*, 2019 WL 2314861 (E.D. Mich. May 31, 2019), found block-billing to be of no consequence, because the petition

4

to the following entries as either vague or impermissible block billing, all of which on their face adequately describe the work performed:

- Worked on updating draft of NVRA letter (1.5); Scheduled calls with clients (.7); Meeting w Ezra to discuss next steps re PI drafting and client calls (.5); Call with Gloria at NAACP (1); Call with HL planning for discussion w Gloria (.1). Response Ex. B at 18.
- Review Supreme Court opinion on vagueness; multi emails re supplemental submission to court on motion to dismiss. Response Ex. B at 7.
- Draft email memorandum debriefing the Hogan Lovells's team regard telephone conference with C. Oliver; review further revisions to draft motions. Ex. B. at 64.
- Confer with A. Ryan and J. Charlet regarding declarations. Ex. B at 71.

Finally, Defendants suggest that Plaintiffs cannot recover for certain "pre-litigation" activities, such as pre-complaint interviewing of potential plaintiffs. *See* Response at 16-18. But this work related *directly* to Plaintiffs' legitimate litigation goals—precluding enforcement of these laws and preparing preliminary injunction materials. First, Plaintiffs' initial lobbying efforts sought to convince the legislature and Defendants that the proposed provisions at the heart of this case were unconstitutional: had Defendants heeded Plaintiffs' early warnings, there would have been no need for this litigation or the instant fee motion. Second, counsel's vetting of potential plaintiffs included intensive fact investigation necessary to prepare Plaintiffs' affidavits for their preliminary injunction application.[4]

## Conclusion

For the reasons stated above and in the NAACP Plaintiffs' initial submissions, the NAACP Plaintiffs' fee application should be granted in its entirety.

---

"describe[d] the work performed in a manner that is sufficient to assess the reasonableness of the total hours expended." *Id*. at *9. So too here. *See*, *e.g.*, Response Ex. B, at 2.

[4] Exhibit B also makes a number of other "objections" that are not addressed in Defendants' brief or in Exhibit B with any explanation that would permit Plaintiffs to respond (*i.e.*, their broad objections to "experts" or to "excessive hours"). The Court should find that Defendants have waived these objections.

5

Dated: January 28, 2021                       Respectfully submitted,

/s/ *Taylor Cates*

Taylor A. Cates, BPR No. 20006
Burch, Porter & Johnson, PLLC
130 N. Court Avenue
Memphis, TN 38103
(901) 524-5165
tcates@bpjlaw.com

Ira M. Feinberg*
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3509
irafeinberg@hoganlovells.com

Allison M. Ryan*
Madeline Gitomer*
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
allison.ryan@hoganlovells.eom
madeline.gitomer@hoganlovells.com

Ezra D. Rosenberg*
Pooja Chaudhuri*
Lawyers' Committee for Civil Rights Under
Law
1500 K Street, NW, Suite 900
Washington, D.C. 20005
(202) 662-8600
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

Yael Bromberg*
Bromberg Law LLC
The Andrew Goodman Foundation
10 Mountainview Road
Upper Saddle River, NJ 07458
(201) 995-1808
yaelbromberglaw@gmail.com

6

*Attorneys for Plaintiffs Tennessee State Conference of the NAACP, Democracy Nashville-Democratic Communities, Equity Alliance, and Andrew Goodman Foundation*

\*admitted *pro hac vice*